WILLIAM J. McCREVAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McCrevan v. Commissioner
Docket No. 5738-73
United States Tax Court
T.C. Memo 1975-161; 1975 Tax Ct. Memo LEXIS 213; 34 T.C.M. (CCH) 731; T.C.M. (RIA) 750161; May 27, 1975, Filed William J. McCrevan, pro se. Robert W. West, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: The respondent determined a deficiency in petitioner's federal income tax for the taxable year 1970 in the amount of $434. The only issue in controversy is whether $2,099.25 received by petitioner *214 as a VISTA volunteer constitutes gross income under section 61, I.R.C. of 1954; [1] or if the above amount does constitute gross income, whether such amount is properly excludable from gross income under section 119 or section 912(3). FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts, together with the exhibits attached thereto, are incorporated herein by this reference. William J. McCrevan (hereinafter petitioner) is an individual who resided in Fairfield, Alabama, at the time of filing his petition herein. He filed his individual federal income tax return for the taxable year 1970 with the internal revenue service center, Chamblee, Georgia. From 1969 to 1971, petitioner was a member of Volunteers In Service To America (hereinafter VISTA). After a 6-week training period, he was assigned to the Birmingham, Alabama area, where he and other VISTA volunteers helped to organize a consumer cooperative food store. This project was co-sponsored by VISTA and Miles College. During 1970 petitioner was a *215 VISTA leader coordinating the activities of other VISTA volunteers in addition to his regular duties. During the taxable year 1970, petitioner received gross wages of $3,599.25 which was reported on his Wage and Tax Statement (Form W-2) as follows: Wages subject to withholding
$3,599.25
Federal income tax withheld
437.96
Total F.I.C.A. wages paid
1,500.00
F.I.C.A. employee tax withheld
72.00 Petitioner was paid by check and used this money to support himself. He was not furnished with meals or living quarters by VISTA or the college. These wages were paid to him in connection with the services he was performing as a VISTA volunteer. This was petitioner's only source of income in 1970. Before filing his tax return for 1970, petitioner was advised by VISTA that only the F.I.C.A. wages paid of $1,500 represented taxable income; the remainder was a nontaxable living allowance. Some of petitioner's co-workers verified this information with one of respondent's representatives in the Birmingham, Alabama office. Based on this information petitioner reported only $1,500 of taxable income on his return and requested and received a refund of $437.96. Respondent now *216 claims that the additional $2,099.25 received is includable in gross income under the provisions of section 61, thus creating the asserted deficiency for 1970 here in issue. OPINION The sole issue presented for our determination is the proper tax treatment with respect to $2,099.25 that petitioner received in 1970. He believes that this amount does not represent gross income under section 61; or, if it does, that it should be excluded from gross income under either section 119 or section 912(3). [2]
Section 61(a) defines gross income as being "all income from whatever source derived * * *." The Supreme Court "* * * has frequently stated that this language was used by Congress to exert in this field 'the full measure of its taxing power.'" [Citations omitted] Commissioner v.Glenshaw Glass Co.,348 U.S. 426, 429 (1955). This definition was held to *217 include "* * * undeniable accessions to wealth, clearly realized, and over which the taxpayers have complete dominion." Commissioner v. Glenshaw,supra at 431. In 1970 petitioner received $3,599.25 in connection with the services he performed for VISTA. This money was received without restriction and was used to defray personal expenses which he otherwise would have been obliged to pay from other sources. Having received this money under these circumstances it seems clear that it must be included in gross income as that term has been statutorily defined and judicially interpreted. Even though petitioner's full compensation must be included in gross income, he may still be successful if a portion of his compensation falls within one of the specific provisions that exclude items from gross income. Under section 119 the value of meals or lodging can be excluded from gross income if the taxpayer-employee can show that they were furnished for the convenience of the employer, on his business premises, and further for lodging that it is required to be accepted as a condition of employment. Petitioner received his entire compensation in cash. He testified that neither *218 VISTA nor the college furnished him with meals or lodging, and that he procured them on his own in the general community. He has not shown that they were furnished for the convenience of his employer, on the employer's business premises, or that the receipt of lodging was a condition of his employment. Clearly petitioner has not met the requirements of section 119, and an exclusion on this basis is inappropriate. Under section 912(3) various amounts paid to Peace Corps volunteers are specifically excluded from gross income. Petitioner points to this section and believes that this provision can be applied to his situation. His argument, however, is really directed to what he thinks the law should be, rather than what the law is. Until Congress enacts a similar statute excluding allowances paid to VISTA volunteers, we are without authority to act on petitioner's claim. See Higgins v. United States, an unreported case ( E.D. Cal. 1972, 31 AFTR 2d 73-366, 73-1 USTC par. 9275). Petitioner's testimony at trial indicates that he was misinformed by VISTA and an employee of the respondent before he filed his tax return. We note that petitioner's full tax liability for 1970 *219 would have been fully paid through federal tax withholdings if it had been properly computed. At trial petitioner indicated an inability to pay the entire deficiency at once but evidenced a willingness to pay this liability over a period of time. We hope that respondent will consider the special circumstances involved. Decision will be entered for the Respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as amended unless otherwise indicated.↩
2. Petitioner has presented no formal arguments before this Court. His claim is supported only by his testimony at trial. We believe that these sections represent the only bases under which petitioner can be successful. These are also the sections that the respondent has addressed himself to in his brief.↩